HARRY HARRITON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13180. Promulgated June 29, 1928.

*H. A. Mihills, C. P. A.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

TRAMMELL: The only issue in this proceeding is whether the petitioner is entitled to a deduction in computing taxable income for 1920 of the amount of $20,759.40, representing the excess of the net loss for 1919 as determined by the respondent over the taxable net income for 1918. While the petition refers to the excess of the loss for 1919 over the amount of the taxable income for 1918 as being $20,759.40, the evidence shows that the net loss as determined by the respondent was $38,673.42 and that the taxable net income for 1918 as determined by him was $17,029.02, leaving a net difference of $21,644.40 instead of the amount mentioned in the petition. This difference, however, is not material to a consideration of the case.

The petitioner does not contend that the action of the respondent in determining his income for 1920 by the use of inventories is erroneous, but does contend that the respondent erred in refusing to apply the net loss of $38,673.42 as determined for 1919 against the net income for 1918, and to carry forward and apply the excess of the loss against income for 1920.

The respondent contends that whether the petitioner sustained a net loss for 1919 is a question of fact, and that if the inventories reported by the petitioner in his return for that year are used in determining his income, there is no net loss, but a profit of $5,965.17 for that year. He also points out that the opening inventory for 1920 was the closing inventory for 1919 and urges that in order for the petitioner's income to be properly determined for 1919 inventories should be used.

Nowhere in the record does the petitioner contend that the respondent's method of determining the net loss for 1919 by eliminating inventories was correct. He does not contend that he sustained a net loss during 1919, but bases his contention for the allowance of the deduction merely on the fact that the respondent once determined that he had sustained a loss in that year. The petitioner appeared as a witness in his own behalf and testified as to the manner in which the inventories for 1917 through 1920 were taken. He further testified that throughout the history of his business he had always taken inventories and was of the opinion that the use of inventories is

necessary to correctly determine his income. The evidence shows that petitioner objected to the respondent's action in eliminating inventories in the determination of his tax liability for the years 1917 to 1919, and although he paid the net additional tax determined against him he filed a claim for refund. From a consideration of the facts we are led to the conclusion that the petitioner did not sustain a net loss in 1919, and, since there was no net loss sustained in that year, there was no loss to apply against income for either 1918 or 1920. The fact that the respondent once determined that the petitioner had sustained a net loss in 1919, when considered in connection with the other facts in the case, is insufficient to support a finding that such a net loss was actually sustained. As the petitioner sustained no net loss in 1919, the action of the respondent in refusing to allow the deduction sought was correct.

*Judgment will be entered for respondent.*